IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWNIKA WALKER,<br><br>Defendant. | **8:24-CR-83**<br><br><br>**ORDER ON DEFENDANT'S MOTIONS** |

This matter is before the Court on defendant Dawnika Walker's *pro se* Motion for Miscellaneous Relief, Filing 54, and *pro se* Motion to Reduce Sentence, Filing 55. The defendant is currently serving an 80-month term of incarceration after she was convicted of involuntary manslaughter in Indian Country in violation of 18 U.S.C. § 1112 and 18 U.S.C. § 1153. Filing 49 (Text Minute Entry); Filing 52 (Judgment). The defendant was severely intoxicated and driving a minivan when she struck and killed a motorcyclist. Nearly 4 hours after the crash occurred, the defendant's blood alcohol level was 0.150 grams of ethanol per 100 milliliters of blood, nearly twice the legal limit in the state of Nebraska. Filing 35 at 2; Filing 50 at 5. In sentencing the defendant to 80 months of incarceration, the Court varied upward from the defendant's guideline custody range. Filing 50 at 18. The Court determined that an upward variance was appropriate under the 18 U.S.C. § 3553(a) factors and in reaching that decision, the Court considered among other factors the defendant's history of two prior convictions for driving while intoxicated and the seriousness of the offense. Filing 53 at 3. The Court also sentenced the defendant to 3 years of supervised release and ordered her to pay $23,002.30 in restitution to the victim through his next of kin. Filing 52 at 3, 6.

The defendant did not appeal her sentence or conviction, but she has since filed a Motion for Miscellaneous Relief and a Motion to Reduce Sentence. For the reasons below, both motions are denied.

The Court begins with the defendant's Motion for Miscellaneous Relief. Filing 54. In this motion, the defendant asks the Court to inform her counselor at Alderson Federal Prison Camp that her "restitution has been paid in full because they are still making [her] pay a monthly FRP payment." Filing 54. To support her claim that her restitution obligation has been fulfilled, the defendant has included "copies of the Statefarm [sic] proof of insurance payout to the Estate of" the victim in this case. Filing 54 at 1, 3–4. A letter from State Farm indicates that the insurance company issued a payment to the victim's estate on July 17, 2024, under the defendant's automobile liability insurance policy. Filing 54 at 3. A second document shows that the amount paid out under the insurance policy was $30,675.50. Filing 54 at 4. Contrary to the defendant's belief, her insurance company's payment to the victim's estate does not satisfy the restitution obligation that the Court imposed at the defendant's sentencing hearing on November 20, 2024—four months *after* the insurance payment was made. Even apart from the chronological discrepancy between the insurance payment and the restitution order, the law is clear that the defendant is "not entitled to a set off" based on an insurer's "payments for a victim's loss."[1] *United States v. Carpenter*, 841 F.3d 1057,

---

[1] Restitution was ordered in this case pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663(A)–3664. *See* Filing 50 at 19; Filing 52 at 6. The MVRA provides that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). In other words, "victims are entitled to recover for their losses regardless of their insurance coverage." *United States v. Searing*, 250 F.3d 665, 668 (8th Cir. 2001). When "a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation," 18 U.S.C. § 3664(j)(1), meaning "insurance companies are entitled to recover for the amounts paid on claims," *Searing*, 250 F.3d at 668.

2

1062 n.2 (8th Cir. 2016). The reality is that the defendant's restitution obligation is far from satisfied: to date, she has paid only $91.85 toward the $23,002.30 ordered by the Court. The Court therefore denies the defendant's Motion for Miscellaneous Relief asking the Court to inform her counselor that her restitution has been paid in full.

The defendant's second motion is a Motion to Reduce Sentence "pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the federal sentencing guidelines." Filing 55 at 1. This motion consists of handwritten questions that appear to be taken from a standard form. At the top of the motion, the defendant has written "Based on U.S.S.G. 4A1.1(d) & (e) criminal history category (for those who received status points for being under a criminal justice sentence at the time of the offense)" and has placed a checkmark next to that language. Filing 55 at 1. Then, she wrote the following:

> Is your case currently on appeal? NO.
>
> Offense(s) for which you were convicted: Involuntary Manslaughter
>
> In calculating the applicable sentencing guideline range, were you assessed any criminal history points? Yes.
>
> Were you assigned any criminal history points for being "under any criminal justice sentence"? Not sure.
>
> How many criminal history points were assessed in total? Not sure.

Filing 55 at 1–2. The motion concludes with a list of "Certificates of Achievement" from courses the defendant has completed while incarcerated Filing 55 at 2. This is the extent of the defendant's Motion to Reduce Sentence. To the best of the Court's understanding, the defendant seeks a sentence

---

In this case, the insurance payment cited by the defendant and made months before the defendant's sentencing hearing was for bodily injury and property damage. Filing 54 at 4. During the defendant's sentencing hearing, the Court specifically explained that it was ordering the defendant to pay $23,002.30 to the victim through his next of kin for funeral expenses and attorney's fees pursuant to 18 U.S.C. § 3663A(a)(4) and (b)(3). As a result, no insurance payments were factored into the restitution amount in any regard.

reduction based on Part A of Amendment 821 to the United States Sentencing Guidelines, which changed the "status point" calculation under U.S.S.G. § 4A1.1. That request is denied.

Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Part A of Amendment 821 appears in U.S.S.G. § 1B1.10(d)'s list of covered amendments, so it is retroactively applicable. Part A of the amendment affected U.S.S.G. § 4A1.1, which sets forth the calculation of a defendant's criminal history category. Prior to Amendment 821, subsection (d) of § 4A1.1 provided that a defendant would receive 2 criminal history points—known as "status points"—if she committed the instant offense while under any criminal justice sentence. *Compare* U.S.S.G. § 4A1.1 (2015), *with* U.S.S.G. § 4A1.1 (2023). Part A struck that language from subsection (d), made the original subsection (e) the new subsection (d), and added a new subsection (e) that attributes 1 status point to a defendant who has received 7 or more points under subsections (a) through (d) and who has committed the instant offense while under any criminal justice sentence. *See* U.S.S.G. § 4A1.1 (2023).

In this case, the defendant did commit the instant offense while she was under a criminal justice sentence, as she was serving a 2-year term of probation in the Woodbury County District Court, Sioux City, Iowa, for possessing with the attempt to deliver methamphetamine after she was stopped by law enforcement for driving the wrong direction on a one-way street with marijuana and

methamphetamine in the car along with her two-month-old child. Filing 50 at 11–12. However, she did not receive a status point under the amended U.S.S.G. § 4A1.1(e)—which was already in effect when she was sentenced in this case—because she did not have seven or more criminal history points under subsections (a) through (d) of the guideline. *See* U.S.S.G. § 4A1.1(e) (2023); Filing 50 at 12. As a result, there is no basis to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 and her Motion to Reduce Sentence is denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion for Miscellaneous Relief, Filing 54, is denied; and

2. The defendant's Motion to Reduce Sentence, Filing 55, is denied.

Dated this 31st day of March, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

5